# STATE OF MICHIGAN

# COURT OF APPEALS

In re J. VALERIUS, Minor.

UNPUBLISHED
September 12, 2017

Nos. 337370; 337371
Kent Circuit Court
Family Division
LC No. 15-053985-NA

Before: TALBOT, C.J., and O'CONNELL and CAMERON, JJ.

PER CURIAM.

The trial court entered an order terminating respondent-mother and respondent-father's parental rights to their child, JV, under MCL 712A.19b(3)(c)(*i*) (the conditions that led to adjudication continue to exist), (c)(*ii*) (other conditions that caused the children to come within the court's jurisdiction exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood that the child will be harmed if returned to the parents). Both respondents appeal as of right. We previously consolidated the appeals.[1] We now affirm.

## I. FACTUAL BACKGROUND

JV was born with methadone and opiates in her system. After delivery, respondent-mother tested positive for the same substances and then continued to test positive for illegal substances. Respondent-father admitted that he was aware of respondent-mother's drug use. Accordingly, the Department of Health and Human Services (DHHS) initiated child protective proceedings and then filed a petition to remove JV from respondents' care. As the case progressed, respondent-father also tested positive for illegal substances.

The trial court ordered JV's removal and ordered respondents to comply with DHHS's treatment plan. DHHS referred respondents to services to address their substance abuse. However, respondents denied the need to participate in services, refused to participate in services or attended sporadically, and continued to test positive for illegal substances. Accordingly, DHHS petitioned for termination of respondents' parental rights, and the trial court ordered termination.

---

[1] *In re Valerius Minor*, unpublished order of the Court of Appeals, entered March 17, 2017 (Docket Nos. 337370; 337371).

## II. REASONABLE EFFORTS

Respondent-mother argues that the trial court erred in determining that DHHS made reasonable efforts to rectify the conditions that led to JV's removal. We disagree.

"In general, issues that are raised, addressed, and decided by the trial court are preserved for appeal." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). Respondent-mother did not raise her reasonable efforts argument in the trial court. Therefore, we review this unpreserved issue for plain error, which exists when there was (1) error (2) that was clear or obvious and (3) affected substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

When a parent and child are separated, DHHS must make reasonable efforts to reunify parent and child by providing services to facilitate reunification. *In re Frey*, 297 Mich App 242, 247-248; 824 NW2d 569 (2012).[2] Respondent-mother's substance abuse led to JV's removal. Accordingly, respondent-mother's caseworker and counselor developed a treatment plan to address her substance abuse. DHHS referred respondent-mother to counseling and other services at Arbor Circle, recommended alcohol/narcotics anonymous (AA/NA), referred her to a methadone clinic, referred her to the Early Recovery Group, and suggested that she participate in inpatient substance abuse treatment. The trial court described the services as "the best that we have in our community."

Respondent-mother argues that her referral to the Early Recovery Group was not adequately tailored to address her needs. However, she cited no evidence to support her argument, contrary to her requirement to do so. See MCR 7.212(C)(7). Rather, the record indicates that respondent-mother's counselor referred her to that program specifically to address the amount and combinations of substances respondent-mother used.

Further, a respondent parent has a corresponding responsibility to participate in and benefit from offered services. *In re Frey*, 297 Mich App at 248. Respondent-mother failed to do so. She canceled or left during Arbor Circle appointments. Respondent-mother declined a referral to the methadone clinic, providing multiple reasons for her refusal to participate. She sporadically attended AA/NA. Respondent-mother never completed the Early Recovery Group. She was unwilling to complete inpatient treatment. Respondent-mother had multiple, positive drug tests throughout the case for multiple types of substances. At the termination hearing, the foster care specialist who took over respondent-mother's case rated her progress as poor. Therefore, the trial court did not plainly err in determining that DHHS made reasonable efforts to reunify respondent-mother and JV.

## III. STATUTORY GROUNDS

Respondent-father argues that the trial court clearly erred when it found statutory grounds to terminate his parental rights under MCL 712A.19b(3)(c)(*i*). We disagree.

---

[2] Limited exceptions exist, see MCL 712A.19a(2), but do not apply here.

The trial court must find clear and convincing evidence of only one statutory ground under MCL 712A.19b(3) to terminate parental rights. We review the trial court's determination for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). A determination is clearly erroneous if we have a definite and firm conviction that the trial court made a mistake. *Id*.

In this case, the trial court determined that it had statutory grounds to terminate respondent-father's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). Respondent-father does not challenge the trial court's determination that it had statutory grounds to terminate his parental rights under MCL 712A.19b(3)(c)(*ii*), (g), or (j). Because only one statutory ground is required to terminate parental rights, the trial court had statutory grounds to terminate respondent-father's parental rights regardless of whether it clearly erred in finding statutory grounds to terminate his parental rights under subsection (c)(*i*).

Nonetheless, the trial court did not clearly err in terminating respondent-father's parental rights under MCL 712A.19b(3)(c)(*i*). MCL 712A.19b(3)(c)(*i*) allows a trial court to terminate parental rights if

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

At the time of the termination hearing, more than 182 days had elapsed since the trial court issued its initial disposition order. The conditions that led to the adjudication continued to exist. The removal petition alleged that respondent-father refused to disclose information to Child Protective Services (CPS), specifically the names and locations of his other children, refused to communicate with CPS, and was aware of respondent-mother's drug use during pregnancy, at the time of JV's birth, and after her birth. At adjudication, respondent-father admitted to all of the allegations in the petition. Thereafter, a foster care supervisor testified that respondent-father lied during his initial substance abuse assessment. Respondent-father turned in services attendance documentation that appeared forged. Respondent-father failed to meaningfully participate in services. Additionally, JV continued to be exposed to substance abuse. Both respondents tested positive for illegal substances throughout the case, and a caseworker testified that respondent-father attended parenting time while under the influence of drugs. Additionally, there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age. JV was placed in foster care for approximately one year, almost her entire life. During this year, respondent-father showed a lack of engagement with services. Therefore, we do not have a definite and firm conviction that the trial court made a mistake when it determined that it had statutory grounds to terminate respondent-father's parental rights under MCL 712A.19b(3)(c)(*i*).

IV. BEST INTERESTS

Last, respondents both argue that the trial court clearly erred in determining that termination was in JV's best interests. We disagree.

If the trial court determines that there are statutory grounds to terminate parental rights, it must then determine whether termination is in the child's best interests. MCL 712A.19b(5). To do so, the trial court should consider many factors. *In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014). Factors include the child's bond to his or her parents, the parents' parenting ability, the child's need for permanency, stability, and finality, *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012), a parent's substance abuse, a parent's willingness to participate in counseling, *In re AH*, 245 Mich App 77, 88-89; 627 NW2d 33 (2001), "the parent's compliance with his or her case service plan," and the child's possibility of adoption, *In re White*, 303 Mich App at 714. If the trial court then determines that termination is in the child's best interests by a preponderance of the evidence, it must order termination. *In re Moss*, 301 Mich App 76, 86-90; 836 NW2d 182 (2013). We review the trial court's determination for clear error. *In re HRC*, 286 Mich App at 459.

The trial court did not clearly err in determining that termination of both of respondents' parental rights was in JV's best interests. It found that JV is bonded to both of her parents and that both respondents "have some parenting skills," such as feeding, changing, and engaging with JV at parenting time. However, the trial court found that both of respondents' parenting abilities were "poor" because of their substance abuse. It found that JV needs permanency, stability, and finality, but respondents' were unwilling or unable to sign a parent agency treatment plan, comply with services, or achieve sobriety. Finally, it found that JV was adoptable, and a caseworker testified that parties were interested in adopting JV.

Respondent-father cites no authority to support his argument that his housing, finances, or lack of mental illness demonstrates clear error in the trial court's best-interest analysis. Respondent-mother argues that, pursuant to *In re Boursaw*, 239 Mich App 161, 176-177; 607 NW2d 408 (1999), overruled in part by *In re Trejo Minors*, 462 Mich 341; 612 NW2d 407 (2000), reunification should remain the trial court's priority, especially when a parent makes significant progress in rectifying the conditions that led to removal. However, this analysis comes from a portion of the opinion analyzing whether the trial court clearly erred in finding statutory grounds to terminate parental rights. *Id.* at 168-177. The Michigan Supreme Court overruled the portion of the opinion addressing a best interest analysis. See *In re Trejo*, 462 Mich at 353-354. Further, respondent-mother acknowledges that she continued to use substances at the time the trial court terminated her parental rights. Therefore, we do not have a definite and firm conviction that the trial court erred in determining that termination of respondent-mother's parental rights was in JV's best interests.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Thomas C. Cameron

-4-